Dcc9blop                          Plea

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4            v.                          13 CR 268 (JMF)

5   MOLLY BLOOM,

6                 Defendant.

7   ------------------------------x

8                                        New York, N.Y.
                                         December 12, 2013
9                                        3:21 p.m.

10
    Before:
11
                      HON. JESSE M. FURMAN
12
                                         District Judge
13

14                      APPEARANCES

15  PREET BHARARA
         United States Attorney for the
16       Southern District of New York
    JOSHUA NAFTALIS
17       Assistant United States Attorney

18  JAMES WALDEN
    SARAH  VACCHIANO
19       Attorneys for Defendant

20  ALSO PRESENT:  ROB HANRATTY, FBI

21

22

23

24

25
```

Dcc9blop                         Plea

1          (In open court; case called)

2          THE COURT:  Good afternoon to all of you.

3          I have been informed that Ms. Bloom intends or wishes

4    to plead guilty to Count Twenty of the indictment 13 CR 268.

5          Is that correct, Ms. Bloom?

6          THE DEFENDANT:  That's correct, your Honor.

7          THE COURT:  Before I accept your guilty plea I am

8    going to ask you certain questions.  These are questions to

9    ensure to my satisfaction that you are pleading guilty because

10   you are, in fact, guilty and not for some other reason; to

11   ensure that you understand the consequences of your guilty

12   plea, including the sentence that could be imposed upon you;

13   and to ensure that you understand the rights that you would be

14   giving up by entering a guilty plea.

15         If at any point you don't understand my questions, I

16   want you to let me know and either your lawyers or I will

17   explain the matter to you more fully; or if at any point you

18   want to speak to your lawyers for any reason, just let me know

19   and I will give you however much time you need to do so.

20         Do you understand that?

21         THE DEFENDANT:  Yes.

22         THE COURT:  I'll ask my deputy, Ms. Barnes, to

23   administer the oath to Ms. Bloom.

24         (Defendant sworn)

25         Ms. Bloom, you are now under oath which means that if

Dcc9blop                    Plea

1    you answer any of my questions falsely you could be subject to

2    prosecution for the separate crime of perjury.

3              Do you understand that?

4              THE DEFENDANT:  I do.

5              THE COURT:  What is your full name?

6              THE DEFENDANT:  Molly Dubin Bloom.

7              THE COURT:  How old are you?

8              THE DEFENDANT:  Thirty-five.

9              THE COURT:  How far did you go in school?

10             THE DEFENDANT:  Junior year.

11             THE COURT:  Of college or high school?

12             THE DEFENDANT:  College.

13             THE COURT:  Have you ever been treated or hospitalized

14   for any mental illness?

15             THE DEFENDANT:  No.

16             THE COURT:  Are you now or have you recently been

17   under the care of a doctor or a psychiatrist?

18             THE DEFENDANT:  I have not.

19             THE COURT:  Have you ever been treated or hospitalized

20   for any type of addiction, including drug or alcohol addiction?

21             THE DEFENDANT:  In 2011 drugs and alcohol -- drug and

22   alcohol use contributed to depression so I sought treatment at

23   that time.

24             THE COURT:  And is there anything about either the

25   reasons for your treatment at that time or the treatment itself

Dcc9blop                         Plea

1   that would interfere with your ability to understand what's

2   going on here today?

3              THE DEFENDANT:  No.

4              THE COURT:  Have you taken any drugs, medicine or

5   pills or drunk any alcoholic beverages in the past 48 hours?

6              THE DEFENDANT:  Sudafed.

7              THE COURT:  Is there anything about the reasons for

8   your taking Sudafed or the Sudafed itself that would interfere

9   with your ability to understand what's going on here today?

10             THE DEFENDANT:  No, sir.

11             THE COURT:  I state for the record that I have also

12  taken Sudafed in the last 48 hours.

13             Is your mind clear today, Ms. Bloom?

14             THE DEFENDANT:  Yes, it is.

15             THE COURT:  Do you understand what is going on here

16  today?

17             THE DEFENDANT:  I do.

18             THE COURT:  Mr. Walden, have you discussed this matter

19  with Ms. Bloom?

20             MR. WALDEN:  I have, sir.

21             THE COURT:  Does she understand the rights that she

22  would be giving up by entering a guilty plea?

23             MR. WALDEN:  Very well, sir.

24             THE COURT:  And in your judgment is she capable of

25  understanding the nature of these proceedings?

Dcc9blop                    Plea

1          MR. WALDEN:  She is.

2          THE COURT:  Does either counsel have any doubt as to

3     the defendant's competence to plead guilty at this time?

4          MR. NAFTALIS:  No, your Honor.

5          MR. WALDEN:  No, your Honor.

6          THE COURT:  On the basis of Ms. Bloom's responses to

7     my questions, my observation of her demeanor here in court and

8     the representations of counsel, I find that she is fully

9     competent to enter a plea of guilty at this time.

10          Ms. Bloom, have you received a copy of the indictment

11     containing the charges against you?

12          THE DEFENDANT:  Yes, I did.

13          THE COURT:  Have you read it?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Have you had enough time to discuss with

16     your lawyers the charge to which you intend to plead guilty and

17     any possible defenses to that charge?

18          THE DEFENDANT:  I have.

19          THE COURT:  Have your lawyers explained to you the

20     consequences of entering a plea of guilty?

21          THE DEFENDANT:  Yes, they have.

22          THE COURT:  Are you satisfied with their

23     representation of you?

24          THE DEFENDANT:  I am.

25          THE COURT:  I'm now going to explain to you certain

Dcc9blop                    Plea

1   rights that you have under the constitution and laws of the

2   United States.  These are rights that you would be giving up by

3   pleading guilty.  I want you to listen carefully and if there's

4   anything you don't understand let me know and either Mr. Walden

5   or I will explain it to you more fully.

6            First, I have here a written advice of rights form

7   that appears to have been signed by you, dated today,

8   December 12, 2013.  Is that your signature on page two of that

9   form?

10           THE DEFENDANT:  Yes, it is.

11           THE COURT:  And before you signed this form, did you

12  read it?

13           THE DEFENDANT:  Sorry?

14           THE COURT:  Before you signed the form, did you read

15  it?

16           THE DEFENDANT:  I did.

17           THE COURT:  Did you discuss it with your lawyers?

18           THE DEFENDANT:  Yes.

19           THE COURT:  Did they answer all of your questions

20  about it?

21           THE DEFENDANT:  Yes, they did.

22           THE COURT:  Did you fully understand it before you

23  signed it?

24           THE DEFENDANT:  Yes.

25           THE COURT:  I will mark this Court Exhibit 1 and

Dcc9blop                          Plea

```
1    provide it to the government to retain in its possession after

2    these proceedings.  I'm also going to go over with you many of

3    the same things orally.

4            Under the constitution and laws of the United States

5    you have a right to plead not guilty to the charges in the

6    indictment.

7            Do you understand that?

8            THE DEFENDANT:  I do.

9            THE COURT:  If you did plead not guilty you would be

10   entitled to a speedy and public trial by a jury on the charges

11   in the indictment.

12           Do you understand that?

13           THE DEFENDANT:  I do.

14           THE COURT:  At that trial you would be presumed to be

15   innocent and you would not have to prove that you were

16   innocent.  Instead, the government would be required to prove

17   you guilty by competent evidence beyond a reasonable doubt

18   before the jury could find you guilty.

19           Do you understand that?

20           THE DEFENDANT:  I do.

21           THE COURT:  In order to find you guilty, a jury of

22   twelve people would have to agree unanimously that you were

23   guilty.

24           Do you understand that?

25           THE DEFENDANT:  Yes, I do.
```

Dcc9blop                      Plea

1          THE COURT:  At that trial and at every stage of your

2    case you would be entitled to the assistance of a lawyer and if

3    you could not afford a lawyer one would be appointed to

4    represent you at public expense free of charge.

5          Do you understand that?

6          THE DEFENDANT:  Yes, I do.

7          THE COURT:  During a trial the witnesses for the

8    government would have to come to court and testify in your

9    presence and your lawyer could cross-examine those witnesses as

10   well as object to evidence offered by the government against

11   you.

12         Your lawyer could also offer evidence on your own

13   behalf if you so desired and you would have the right to have

14   subpoenas issued or other process used to compel witnesses to

15   testify in your defense.

16         Do you understand that?

17         THE DEFENDANT:  I do.

18         THE COURT:  At a trial, although you would have the

19   right to testify if you chose to do so, you would also have the

20   right not to testify.  And if you chose not to testify, then no

21   one, including the jury, could draw any inference or suggestion

22   of guilt from the fact that you did not testify.

23         Do you understand that?

24         THE DEFENDANT:  Yes, I do.

25         THE COURT:  Before trial you would have an opportunity

Dcc9blop                          Plea

1   to seek suppression or exclusion of some or all of the evidence

2   that the government may use against you at trial.

3            Do you understand that?

4            THE DEFENDANT:  Yes.

5            THE COURT:  If you were convicted at a trial, you

6   would have the right to appeal that verdict.

7            Do you understand that?

8            THE DEFENDANT:  Yes, I do.

9            THE COURT:  If you plead guilty you will also have to

10  give up your right not to incriminate yourself because I may

11  ask you questions about what you did in order to satisfy myself

12  that you are guilty as charged and you will have to admit and

13  acknowledge your guilt.

14           Do you understand that?

15           THE DEFENDANT:  I do.

16           THE COURT:  If you plead guilty and if I accept your

17  plea, you will give up your right to a trial and the other

18  rights that I have just mentioned other than your right to a

19  lawyer, which you plead whether or not you plead guilty, but

20  there will be no trial and I will enter a judgment of guilty

21  and sentence you on the basis of your plea after I have

22  received a report prepared by the United States probation

23  department and any submissions that I receive from your lawyers

24  and from the lawyers for the government, but there will be no

25  trial and there will be no appeal with respect to whether the

Dcc9blop                    Plea

1   government could or could not use the evidence that it has

2   against you or with respect to whether you did or did not

3   commit the offense charged in Count Twenty of the indictment.

4           Do you understand all of that?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Even now as you are entering this plea you

7   have the right to change your mind, plead not guilty to Count

8   Twenty of the indictment and to go to trial.

9           Do you understand that?

10          THE DEFENDANT:  I do.

11          THE COURT:  Do you understand each and every one of

12  the rights that I have just explained to you?

13          THE DEFENDANT:  Yes.

14          THE COURT:  And are you willing to give up your right

15  to a trial and the other rights that I have just discussed with

16  you?

17          THE DEFENDANT:  I am.

18          THE COURT:  Do you understand that you are charged in

19  Count Twenty with operating an illegal gambling business in

20  violation of title 18 United States Code Sections 1955 and 2.

21          THE DEFENDANT:  Yes, I understand.

22          THE COURT:  Mr. Naftalis, would you please state the

23  elements of that offense.

24          MR. NAFTALIS:  Yes, your Honor.  If the government --

25  if the case were to go to trial the government would prove the

Dcc9blop                    Plea

following elements beyond a reasonable doubt:

First, that the gambling business charged in the
indictment violated the laws of the State of New York; second,
that the gambling business was in substantially continuous
operation for a period in excess of 30 days or had gross
revenues of $2,000 or more in any one day; and third, that five
or more persons, including the defendant, knowingly conducted,
financed, managed, supervised, directed or owned the gambling
business.  The gambling business at issue here is an illegal
poker game that violates New York penal law section 225.05.
The elements of that state offense are that the defendant
knowingly advanced or profited from an unlawful gambling
activity.

THE COURT:  Thank you.

Mrs. Bloom, do you understand that if you were to go
to trial the government would have to prove each of those
elements beyond a reasonable doubt before the jury could find
you guilty?

THE DEFENDANT:  I do.

THE COURT:  Now let me tell you about the possible
maximum penalties for this crime.  By maximum I mean the most
that could possibly be imposed upon you.  It doesn't
necessarily mean that this is what you will receive.  But you
have to understand that by pleading guilty you are exposing
yourself to a combination of punishments up to the maximum that

Dcc9blop                      Plea

1    I'm about to describe.

2              Do you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  First, let me tell you about the possible

5    restrictions on your liberty.  The crime charged in Count

6    Twenty carries a maximum term of imprisonment of five years

7    which could be followed by up to three years of supervised

8    release.  Supervised release means that you would be subject to

9    supervision by the probation department, there would be rules

10   of supervised release that you would have to follow, and if you

11   violated any of those rules you could be returned to prison to

12   serve additional time without credit for the time you served on

13   the underlying sentence and without any credit for time spent

14   on postrelease supervision and you could be returned to prison

15   without a jury trial as well.

16             Do you understand all of that?

17             THE DEFENDANT:  I do.

18             THE COURT:  You should understand that there is no

19   parole in the federal system and that if you were sentenced to

20   prison you would not be released early on parole.  There is a

21   limited opportunity to earn credit for good behavior.  But if

22   you are sentenced to prison you would have to serve at least

23   85 percent of the time to which you were sentenced.

24             Do you understand that?

25             THE DEFENDANT:  Yes.

Dcc9blop                    Plea

1          THE COURT:  In addition to these restrictions on your

2     liberty, the maximum possible punishment also includes certain

3     financial penalties.  The maximum allowable fine is the

4     greatest of $250,000, twice the gross pecuniary gain or

5     financial gain derived from the offense or twice the gross

6     pecuniary loss to someone other than you as a result of the

7     offense; second, I can order restitution to any person or

8     entity injured as a result of your criminal conduct.

9          Mr. Naftalis, is there any restitution at issue here?

10          MR. NAFTALIS:  No, your Honor.

11          THE COURT:  Third, I can order you to forfeit all

12     property derived from the offense or used to facilitate the

13     offense.  And I note in that regard that in the plea agreement

14     we will talk about shortly you admit to the forfeiture

15     allegations with respect to Count Twenty of the indictment and

16     agree to forfeit to the United States a sum of money totaling

17     $125,000.  Finally, I must order a mandatory special assessment

18     of $100.

19          Do you understand that these are the possible maximum

20     penalties?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Are you a citizen of the United States,

23     Ms. Bloom?

24          THE DEFENDANT:  Yes, I am.

25          THE COURT:  Do you understand that by pleading guilty

Dcc9blop                      Plea

1    you may lose certain valuable civil rights to the extent that

2    you have them or could otherwise obtain them now such as the

3    right to vote, the right to serve on a jury, the right to hold

4    public office, and the right to possess any kind of firearm?

5            THE DEFENDANT:  Yes, I understand.

6            THE COURT:  Are you serving any other sentence, either

7    state or federal, or being prosecuted in any other court at

8    this time?

9            THE DEFENDANT:  No.

10           THE COURT:  Do you understand that if your lawyer or

11   anyone else has attempted to predict what your sentence will be

12   in this case that their predictions could be wrong?

13           THE DEFENDANT:  Yes.

14           THE COURT:  It's important for you to understand that

15   no one, not your lawyer, not the lawyers for the government, no

16   one can give you any assurance of what your sentence will be in

17   this case and that is because your sentence will be determined

18   by me and by me alone.  I'm not going to do that today.

19   Instead, I will wait until I receive the report I mentioned

20   earlier prepared by the United States probation department.

21   That report will spell out the probation department's view of

22   how the United States Sentencing Guidelines apply to your case.

23   I will do my own independent calculation of the guidelines

24   range and consider that as well as any possible departures from

25   that range.  I will consider any submissions that I receive

Dcc9blop                    Plea

1    from your lawyers and from the lawyers for the government.  And

2    I will consider the factors set forth in a statute Title 18

3    United States Code Section 3553(a).  I'll do all of that before

4    determining and imposing an appropriate sentence on you.

5              Do you understand all of that?

6              THE DEFENDANT:  Yes, I do.

7              THE COURT:  Have you discussed these matters with your

8    lawyers?

9              THE DEFENDANT:  I have.

10             THE COURT:  Even if your sentence is different from

11   what your lawyer or anyone else has told you that it might be,

12   even if it is different from what you expect or hope it to be,

13   and even if it is different from what may be contained in the

14   plea agreement with the government that we'll talk about in a

15   moment, you will still be bound by your guilty plea and you

16   will not be allowed to withdraw that plea.

17             Do you understand that?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Now I understand that there is a written

20   plea agreement that you and your lawyers have entered into with

21   the lawyers from the government; is that correct?

22             THE DEFENDANT:  Yes.  That's correct.

23             THE COURT:  I have an original of that letter plea

24   agreement here dated November 22, 2013 from Assistant United

25   States Attorney Harris Fischman and others to your lawyer, Jim

Dcc9blop                        Plea

1    Walden.  I will mark this as Court Exhibit 2 and provide it to

2    the government to retain in its possession following these

3    proceedings.

4              Did you sign the plea agreement on the last page and

5    date it today, December 12, 2013?  Is that your signature?

6              THE DEFENDANT:  Yes, it is.

7              THE COURT:  Before you signed that, did you read it?

8              THE DEFENDANT:  I did.

9              THE COURT:  And did you discuss it with your lawyers?

10             THE DEFENDANT:  Yes.

11             THE COURT:  And before you signed it, did you

12   understand it?

13             THE DEFENDANT:  I did.  I do.

14             THE COURT:  Did they answer all of your questions

15   about the agreement?

16             THE DEFENDANT:  Yes.

17             THE COURT:  I'm not sure I mentioned that I marked it

18   Court Exhibit 2, I think I did.  But I have and will provide it

19   to the government to retain after these proceedings.

20             THE DEFENDANT:  Marked what?

21             MR. WALDEN:  Exhibit 2.

22             THE COURT:  One of the features of your agreement with

23   the government is that you have agreed on the guidelines range,

24   that is the range under the United States Sentencing

25   Guidelines, that applies in your case; is that correct?

Dcc9blop                         Plea

1          THE DEFENDANT:  Yes.

2          THE COURT:  And you should understand that that

3    agreement is binding on you and it is binding on the government

4    but it is not binding on me.  As I mentioned earlier, I have my

5    own independent obligation to determine the correct guidelines

6    range.  I'm not suggesting to you that I will come up with a

7    different calculation than the one set forth in your agreement

8    but I could; and even if I did and even if that range were

9    higher than the one in the agreement, you would still be bound

10   by your guilty plea and you would not be allowed to withdraw

11   your plea.

12          Do you understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Counsel, I note that there appears to be

15   some sort of writing and then crossed out on the back there.  I

16   take it that is not part of the --

17          MR. NAFTALIS:  That is not -- those are some notes

18   that were -- that will be crossed out.

19          THE COURT:  Very good.

20          Is that correct, Mr. Walden?

21          MR. WALDEN:  Yes, your Honor.  Mr. Naftalis was kind

22   enough to alert me to that and it's fine, your Honor.

23          THE COURT:  Very good.

24          Another feature of your agreement, Ms. Bloom, is that

25   you have agreed to waive your right to appeal or otherwise

Dcc9blop                        Plea

1   challenge any sentence within or below the stipulated

2   sentencing guidelines range of 0 to 6 months imprisonment.

3   That means that if I sentence you to six months in prison or

4   anything less than six months in prison that you would not have

5   the right to appeal or otherwise try to challenge that

6   sentence.

7          Do you understand that?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Does this written plea agreement

10  constitute your complete and total understanding of the entire

11  agreement between you and the government?

12         THE DEFENDANT:  Yes, it does.

13         THE COURT:  Has anything been left out of this written

14  plea agreement?

15         THE DEFENDANT:  No.

16         THE COURT:  Other than what is written in the

17  agreement has anyone made any promise or offered you any

18  inducement to plead guilty or to sign the plea agreement?

19         THE DEFENDANT:  No.

20         THE COURT:  Has anyone threatened you or forced you to

21  plead guilty or to sign the plea agreement?

22         THE DEFENDANT:  No.

23         THE COURT:  Has anyone made any promise to you as to

24  what your sentence will be in this case?

25         THE DEFENDANT:  No.

Dcc9blop                        Plea

1          THE COURT:  Ms. Bloom, I'd like you to tell me now in

2    your own words what you did that makes you believe that you are

3    guilty of the crime charged in Count Twenty of the indictment.

4          THE DEFENDANT:  During 2010 I helped conduct a poker

5    game for a group of regular players.  During this time there

6    was at least five employees, including myself, who helped to

7    conduct the games.  The coordinators of the games, including

8    me, took a rake meaning we took a portion of the players' money

9    during the games to pay expenses and salaries including our

10   own.  The rake was in excess of $2,000 on any one night.  The

11   games occurred in Manhattan.  I believed that it was a

12   misdemeanor.

13         THE COURT:  All right.  Mr. Walden, do you agree that

14   Ms. Bloom's belief that it was a misdemeanor, which is still in

15   violation of the law, is obviously -- or is not a valid defense

16   to the felony charge at issue here?

17         MR. WALDEN:  That is my -- that is correct, your

18   Honor.

19         THE COURT:  And are you aware of any valid defense

20   that would prevail at trial or do you know of any reason that

21   Ms. Bloom should not be permitted to plead guilty?

22         MR. WALDEN:  No, your Honor.

23         THE COURT:  Mr. Naftalis, are there any additional

24   questions that you would like me to ask of Ms. Bloom?

25         MR. NAFTALIS:  No, your Honor.

Dcc9blop                          Plea

1          THE COURT:  Would you please summarize what the

2      government's evidence would be if the defendant were to go to

3      trial on Count Twenty.

4          MR. NAFTALIS:  Yes, your Honor.

5          The government would prove if the case were to go to

6      trial through witness testimony, Title III intercepts, search

7      warrants, and bank records that the defendant operated a high

8      stakes illegal poker game in Manhattan; that the clients of

9      these poker games often included celebrities and Wall Street

10     financiers, and that the games were often held in hotel rooms

11     including the Plaza Hotel.

12         THE COURT:  Do both counsel agree that there is a

13     sufficient factual basis for a guilty plea to Count Twenty?

14         MR. NAFTALIS:  Yes, your Honor.

15         MR. WALDEN:  We do, your Honor.

16         THE COURT:  Does either counsel know of any reason

17     that I should not accept the defendant's plea of guilty to

18     Count Twenty?

19         MR. NAFTALIS:  No, your Honor.

20         MR. WALDEN:  No, your Honor.

21         THE COURT:  Ms. Bloom, because you acknowledge that

22     you are, in fact, guilty as charged in Count Twenty of the

23     indictment, because I am satisfied that you know of your rights

24     including your right to go to trial, that you are aware of the

25     consequences of your plea including the sentence that could be

Dcc9blop                    Plea

1    imposed upon you, and because I find that you are knowingly and

2    voluntarily pleading guilty, I accept your guilty plea and

3    enter a judgment of guilty on Count Twenty of the indictment.

4           The probation department will want to interview you in

5    connection with the report that I mentioned earlier.  If you

6    choose to speak to the probation department, make sure that

7    anything you say is truthful and accurate.  Aside from the fact

8    that that is required by law, that report is important to me in

9    determining the sentence to impose upon you.  Before sentencing

10   you and your lawyers will have an opportunity to review the

11   report.  I urge you to review it with care and if you find any

12   mistakes in it or anything you want to bring to my attention in

13   connection with your sentencing, share those things with your

14   lawyers so that they can do so.

15          Do you understand that?  Do you understand that?

16          THE DEFENDANT:  Yes, I do.

17          THE COURT:  Mr. Walden, do you or any of your

18   colleagues wish to be present in connection with that

19   interview?

20          MR. WALDEN:  Please, your Honor.

21          THE COURT:  I will order that no interview take place

22   unless counsel is present.

23          Sentencing will be set for April 30, 2014 at 3:00 p.m.

24   I direct the government to provide the probation department

25   with its factual statement of the offense within seven days.

Dcc9blop                          Plea

1   Defense counsel must arrange for the defendant to be

2   interviewed by the probation department within the next two

3   weeks.  I refer counsel to my individual rules and practices

4   for criminal cases which contain some guidelines and rules with

5   respect to sentencing and sentencing submissions.  In

6   accordance with those rules, defense submissions are due two

7   weeks prior to sentencing and the government's submissions are

8   due one week prior to sentencing.

9          Mr. Naftalis, any objection to the defendant's present

10  bond conditions being continued through the date of the

11  sentencing?

12         MR. NAFTALIS:  No, your Honor.  But I believe

13  Mr. Walden has an application to revise them.

14         THE COURT:  All right.  Mr. Walden.

15         MR. WALDEN:  Yes, your Honor.

16         Obviously Ms. Bloom has made every court appearance

17  without any problems, no adverse reports from the pretrial

18  services office, and has accepted responsibility at today's

19  proceeding.  We'd ask between now and the time of her

20  sentencing that all domestic travel restrictions be released

21  and that she be able to travel freely domestically.  Obviously

22  she will not travel internationally without seeking permission

23  from the government and permission from the Court.

24         THE COURT:  Any objection, Mr. Naftalis?

25         MR. NAFTALIS:  No, your Honor.  I assume by domestic

Dcc9blop                    Plea

 1  we mean the Continental U.S.

 2          THE COURT:  That was my intention to limit it to the

 3  Continental U.S.

 4          MR. WALDEN:  I'm sorry, your Honor.  That's perfect.

 5          THE COURT:  I will modify the terms of bail to allow

 6  Ms. Bloom to travel within the Continental United States.  Any

 7  other travel would require prior permission from me.

 8          Ms. Bloom, you should understand that all of the

 9  conditions upon which you have been released until today as

10  modified a moment ago will continue to apply through the date

11  of your sentence.  You should also understand that any

12  violation of those conditions could have very serious

13  consequences for you at the time of sentencing.  And finally,

14  you should understand that you must be in this courtroom on the

15  date and time that I set for sentencing and if you are not you

16  will be guilty of a separate crime, namely bail jumping, and

17  could be subject to a fine and/or term of imprisonment in

18  addition to whatever you receive in connection with your plea.

19          Do you understand all of that?

20          THE DEFENDANT:  I do, your Honor.

21          THE COURT:  Lastly, I have a consent preliminary order

22  of forfeiture here which appears to have been signed by the

23  defendant and defense counsel.

24          Mr. Walden, any objection to my signing and docketing

25  this order?

MR. WALDEN: None whatsoever, your Honor.

THE COURT: I will do so.

Anything further, Mr. Naftalis?

MR. NAFTALIS: No, your Honor. Thank you.

THE COURT: Mr. Walden?

MR. WALDEN: No, sir.

THE COURT: All right. I will stay on the bench but the matter is adjourned.

Thank you.

(Adjourned)